## THE LICENSING OF CHATTEL MORTGAGE AND SALARY LOAN BROKERS.

### Circuit Court of Hamilton County.

WILLIAM F. CHAMBERS, A TAX-PAYER, v. CITY OF CINCINNATI ET AL.

Decided, November 30, 1907.

*Municipal Corporations—Licenses Regulating Chattel Mortgage and Salary Loan Brokers—Provision Requiring Signature of Wife Invalid—Penalties for Violation of Ordinance—License Fees—Records a Loan Broker May be Required to Keep.*

An ordinance requiring brokers engaged in making chattel mortgage or salary loans to secure a license as a condition precedent to doing business within the municipality is not invalid because the license fee is fixed at as high a figure as $250, or because said brokers are required to keep records of the name of each pledgor, the amount of the loan, the rate of interest charged, the date when the loan is payable, and a description of the articles pledged, which record shall be filed in the office of the city auditor and be open to inspection by the mayor and chief of police; but a provision requiring that if the pledgor is a married man his wife must sign the application for the loan is of no effect.

*W. F. Chambers* and *Fyffe Chambers*, for plaintiff.
*John R. Schindel*, Assistant City Solicitor, contra.

This case involved the validity of the following ordinance of the City of Cincinnati:

"An ordinance, No. 1671, to regulate and license chattel mortgage and salary loan brokers.

"Be it ordained by the Council of the City of Cincinnati, State of Ohio:

"Section 1. No person, firm or corporation shall, within the city of Cincinnati, engage in the business of a chattel mortgage loan or salary loan broker, or engage in the business of loaning money secured by mortgage, bills of sale or other contracts involved as security the forfeiture of rights in personal property, or upon assignments, bills of sale or other conveyance of salary

or wages, without first having obtained a license from the Auditor of said city so to do.

"Section 2.    The auditor of said city shall issue to any person, firm or corporation a license as provided for in Section 1, for the period of one year, upon the payment to the city of Cincinnati of the sum of two hundred and fifty dollars ($250), upon condition that the books and accounts of such licensee shall be open at any time to inspection by said auditor; provided, however, that said license shall expire on the 31st day of December of the year in which issued; but said auditor may issue a license to any such person, firm or corporation who engages in business after the first of January, for a period less than a year, upon payment of a proportionate amount of said sum.

"It shall be the duty of the auditor to examine the books and accounts of such licensee at least once every year.

"Section 3.    Every such person, firm or corporation so licensed, shall give to each pledgor, mortgagor or assignor, a card upon which shall be written in ink, typewriter or printed, the name of the person, firm or corporation making the loan, the name of the pledgor, mortgagor or assignor, the article or articles pledged, mortgaged or assigned, unless there be more than fifteen of said articles, in which case a general description thereof be sufficient; the amount of the loan, the amount of interest charged, the amount of expense charged, exclusive of interest, and the time for which each of said charges are made; the date when the loan is made and the date when payable; and shall also give the pledgor, mortgagor or assignor a receipt for each payment of principal, interest or any other charge made on said loan, by or in behalf of said pledgor, mortgagor or assignor, and if any payment shall consist of principal and interest, or any other charge, said receipt shall specify the amount of each.

"Section 4.    No such person, firm or corporation so licensed shall receive as security for any indebtedness any chattel mortgage, bill of sale or assignment, or any other conveyance of any personal property, salary or wages, signed in blank, but all blank spaces shall be filled in with ink or typewritten, with the proper words and figures, and if said conveyance shall be for salary or wages, the name of the person, firm or corporation by whom the person making the conveyance is employed, and shall also appear on said paper.

"Section 5.    Every such person, firm or corporation shall, on or before 10 o'clock A. M. on each and every Wednesday, file with the auditor of said city of Cincinnati, a true record of each

and every loan made during the calendar week immediately preceding. Said record shall be made upon cards or blanks furnished by said auditor and shall consist of the name of the person, firm or corporation making the loan, the name of the pledgor, mortgagor or assignor, a specific description of the article or articles pledged, mortgaged or assigned, the amount loaned, rate of interest, the amount charged for interest and the time for which said interest charged is made, the amount of expense charged, exclusive of interest, and the time for which said expense charged is made, and the date when said loan is payable; such record so filed with the auditor of said city shall remain in the office of said auditor as a permanent record, open to the inspection of the mayor or chief of police of said city.

"Section 6. No such person, firm or corporation shall make a loan to a married man upon the security set forth in Section 1 unless the application for said loan and the conveyance of the chattels or salary shall be signed by the wife of said applicant.

"Section 7. Any person or persons either as principal, agent, officer or employer who violates any of the provisions of this ordinance, or any person or persons, firm or corporation who shall carry on the business of a chattel mortgage or salary loan broker, or loan money as set forth in Section 1, without obtaining a license as provided herein, shall for the first offense be fined not less than twenty-five ($25) dollars, nor more than two hundred ($200) dollars and the cost of the prosecution, and for the second and any subsequent offense shall be fined not less than one hundred ($100) dollars, nor more than five hundred ($500) dollars, and it shall be the duty of the auditor, upon the second conviction of any such person, firm or corporation holding a license issued under this ordinance to forthwith revoke said license.

"Section 8. That Sections 22 and 23 of Ordinance No. 468, entitled, 'An ordinance to provide for licenses on certain trades, businesses, professions, etc., passed July 13th, 1904,' be and the same are hereby repealed.

"Section 9. This ordinance shall take effect and be in force from and after the earliest period allowed by law.

"Passed December 3d, A. D. 1906. Frank L. Pfaff, President of Council. Attest, Edwin Henderson, Clerk."

SMITH, J.; SWING, J., and GIFFEN, J., concur.

In this case, heard on appeal, we are of opinion that ordinance No. 1671 of the city of Cincinnati, to regulate and license chattel

mortgage and salary loan brokers in said city, is valid.    We do not think the sum required to be paid is unreasonable, or that the condition relating to the inspection of the books and accounts of the parties affects the validity of the ordinance.

It is evident that the ordinance is intended solely to regulate, as its title sets forth, chattel mortgage and salary loan brokers, and does not extend to others engaged in the loaning of money, as banks, brokers, etc.

While we are of opinion that Section 6 relating to the wife of a man signing the application for a loan, or the conveyance of the chattels or salary is of no effect, yet this would not invalidate the other provisions of the ordinance.

The petition, therefore, for an injunction will be dismissed.